United States District Court
Southern District of Texas
**ENTERED**
October 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PATRICIA LUGO,** | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-18 |
| **SELECT PORTFOLIO SERVICING, INC.,** *et al.*, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank, N.A., as Trustee, on Behalf of the Asset Backed Pass-Through Certificates, Series RFC 2007-HEI's ("Trustee") (collectively "Defendants") Motion for Summary Judgment. (ECF No. 6).[1] Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Defendants' Motion for Summary Judgment (*id.*) be **GRANTED**.

**I.    Background**

Plaintiff Patricia Lugo ("Lugo") originally filed suit in Montgomery County, Texas in December 2023. (See ECF No. 1-4). Included in Lugo's

---

[1] On October 11, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

Original Petition was an application for Temporary Restraining Order and Temporary Injunction in connection to a foreclosure sale of Lugo's property located at 9061 Zapata Way, Willis, Texas (the "Property"). (*Id.* at 1). Lugo's Temporary Restraining Order was granted. (ECF No. 1-6). In January 2024, Defendants removed the suit to federal court. (ECF No. 1-13).

Trustee is the current mortgagee under the subject loan and SPS is the mortgage servicer for Trustee with respect to the loan. (ECF No. 6 at 1). Defendants allege payment obligations under the subject mortgage are past due for the December 1, 2015 payment and all subsequent payments. (*Id.*). Defendants allege Trustee sent a notice of acceleration on November 15, 2023, while the payments remained in default. (*Id.* at 3). Because Lugo obtained a temporary restraining order, a foreclosure sale did not occur. (*Id.* at 4). Lugo asserts claims for: (1) declaratory relief for lack of standing to foreclose; (2) quiet title; (3) violation of the Texas Civil Practices and Remedies Code ("TCPRC"); and (4) violation of the Texas Debt Collection Act ("TDCA"). (ECF No. 1-4).

## II. Legal Standard

Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is

3

such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

### III. Discussion

Defendants seek summary judgment on all of Lugo's claims. (ECF No. 6 at 2). Because Plaintiff did not file a response to Defendants' Motion for Summary Judgment, the "motion will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4.

"For issues on which the movant bears the burden of proof at trial, that standard isn't automatically met simply because the nonmovant fails to file a response." *Hunter v. City of Houston*, No. 4:19-cv-02521, 2021 WL 1199441, at *1 (S.D. Tex. Mar. 30, 2021) (citing *Jackson v. Sheriff of Ellis Cnty., Tex.*, No. 3:00-cv-1965, 2001 WL 1149102, at *4 (N.D. Tex. Sept. 26, 2001); *John v. Louisiana*, 757 F.2d 698, 707–08 (5th Cir. 1985)). "Instead, the movant still has the initial burden to offer evidence demonstrating the absence of a genuine issue of material fact." *Id.* (citing *Nola Spice Designs LLC v. Haydel Enters. Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). "But the court may accept any submitted facts as undisputed because the motion is unopposed." *Id.* (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that

4

demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). As such, "summary judgment must be entered against a nonresponding party on such issues when he fails to file a substantive response." *Hunter*, 2021 WL 1199441, at *1 (citing *Vedol v. Jacobs Ent., Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011); *Celotex Corp.*, 477 US at 324).

Defendants seek summary judgment on each of Lugo's claims and attach the following summary judgment evidence in support: (1) declaration of Sherry Benight; (2) promissory note dated July 31, 2006; (3) deed of trust dated July 31, 2006; (4) assignment from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee to trustee; (5) corrective assignment from MERS as nominee to trustee; (6) 2014 loan modification agreement; (7) notice of default dated February 6, 2020; (8) notice of acceleration and posting dated November

5

15, 2023; and (9) limited power of attorney authorizing SPS to act on behalf of trustee. (ECF No. 6 at 4 (citing ECF Nos. 6-1–6-9)).

Defendants essentially bring a no-evidence motion. *See Hunter*, 2021 WL 1199441, at *2. With respect to Lugo's claim for declaratory relief for lack of standing to foreclose, Defendants argue "there is no evidence that Defendants prepared any fraudulent documents and there is no basis for declaratory relief." (ECF No. 6 at 7). Even so, "[u]nder Texas law, a mortgagee or mortgage servicer is permitted to foreclose on a house even without holding the note." *Epstein v. U.S. Bank Nat. Ass'n*, 540 F. App'x 354, 356 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.0025). "A mortgage servicer is defined as 'the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument.'" *Id.* (citing TEX. PROP. CODE § 51.0001(3)). Defendants have provided evidence of "a chain of assignments of the Deed of Trust to Trustee which establishes Trustee's standing to foreclose." (ECF No. 6 at 7–8 (citing ECF No. 6-1, 6-4–6-5)).

Next, Defendants move for summary judgment on Lugo's quiet title claim. (ECF No. 6 at 8). "The elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Vernon v. Perrien*, 390 S.W.3d 47,

61 (Tex. App.—El Paso 2012, pet. denied). "The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.* Defendants argue Lugo's lack of evidence and "vague misplaced theories" are insufficient to support a quiet title claim. (*Id.* at 8–9). Further, Defendants offer the deed of trust and recorded mortgage assignments as evidence that Trustee has standing to foreclose and to show Defendants' claim to the Property is not invalid. (*Id.*).

Defendants also move for summary judgment on Lugo's claim under the TCPRC. (ECF No. 6 at 9). A claim under TCPRC § 12.002(a) has three elements:

> [T]he defendant (1) made, presented, or used a document with knowledge that it was a fraudulent lien or claim against real or personal property or an interest in real or personal property, (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish.

*Golden v. Wells Fargo Bank, N.A.*, 557 Fed. App'x 323, 326–27 (5th Cir. 2014) (quoting *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.) (quotations omitted)). Defendants argue "there is no evidence supporting such claim." (*Id.*). Specifically, Defendants argue Lugo "has not included any allegations and certainly cannot present any evidence that there was anything fraudulent regarding any filed mortgage assignment or any other document applicable to the Loan" and Lugo "has not alleged and

7

cannot come forward with evidence establishing that Defendants intended to cause Plaintiff any physical injury, financial injury or mental anguish." (*Id.* at 10). As such, there is no evidence of a genuine factual dispute regarding fraudulent activity under the TCPRC.

Finally, Defendants argue they are entitled to summary judgment with respect to Lugo's TDCA claim. (ECF No. 6 at 10). To state a claim under the TDCA, a plaintiff must show:

> (1) the debt at issue is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as result of Defendants' wrongful act.

*Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). Defendants argue Lugo "cannot come forward with evidence [to] establish a violation of the TDCA by Defendants." (*Id.*). For instance, Defendants argue Lugo "does not dispute the subject contractual mortgage defaults and cannot present evidence of any damages resulting from any alleged violation of the TDCA that was caused by Defendants since no foreclosure sale has occurred." (*Id.* at 13). Moreover, Defendants claim Lugo's TDCA claim fails "due to the lack of evidence to support the elements of a TDCA claim, including no evidence of an actionable violation and no evidence of damages." (*Id.*).

Because Defendants have satisfied the initial burden of proof, the burden shifts to Lugo to offer summary judgment evidence sufficient to establish a

genuine dispute as to any issue of material fact. However, Lugo failed to respond and, thus, offered no evidence in support of her claims. "Summary judgment is warranted on that basis." *Hunter*, 2021 WL 1199441, at *2. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion for Summary Judgment (ECF No. 6) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 29, 2024.

Richard W. Bennett
United States Magistrate Judge